UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAYLOR BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-2725-JMB |
| | ) |
| CITY OF FLORISSANT POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Taylor Bennett for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint.

### Background

The allegations in the instant complaint arise from the same facts as plaintiff's criminal case, *United States v. Bennett*, Case No. 4:13-cr-441-RWS-1 (E.D. Mo. Apr. 3, 2014). There, plaintiff was charged by indictment with five counts related to mail fraud, access device fraud, and stealing mail. The charges stemmed from an August 27, 2013 incident in which officers of the Florissant, Missouri Police Department responded to a call from a resident, later identified as Lawrence Danielson, who reported seeing plaintiff opening mailboxes in his neighborhood. When officers arrived on the scene, they made contact with plaintiff and questioned her, and searched her backpack. They discovered various items, including an unauthorized access device and stolen mail. Plaintiff was arrested and ultimately pled guilty to mail fraud, access device fraud, possession of 15 or more unauthorized access devices, and possession of stolen mail. On

April 3, 2014, she was sentenced to four concurrent terms of forty-eight months' imprisonment followed by three years of supervised release. She did not appeal.

On August 18, 2014, plaintiff filed a motion to vacate, set aside or correct her sentence. *See Bennett v. United States*, No. 4:14-cv-1438-RWS (E.D. Mo. Apr. 21, 2015). The Court denied plaintiff's motion on April 21, 2015 and declined to issue a certificate of appealability. Plaintiff did not appeal. On August 12, 2015, plaintiff filed a successive motion to vacate. *See Bennett v. United States*, No. 4:15-cv-1250-RWS (E.D. Mo. Aug. 18, 2015). The Court transferred plaintiff's motion to the Eighth Circuit Court of Appeals, which declined to issue a petition for authorization to file a successive habeas application. On December 21, 2017, plaintiff filed another successive motion to vacate. *See Bennett v. United States*, No. 4:17-cv-2916-RWS (E.D. Mo. Dec. 22, 2017). The Court dismissed the motion, and the Eighth Circuit Court of Appeals denied authorization to file a successive habeas application.

The case at bar is the third of three 42 U.S.C. § 1983 actions plaintiff has filed pro se and in forma pauperis against these same defendants to claim constitutional violations stemming from her August 27, 2013 arrest. *See Bennett et al. v. Lowery et al.*, No. 4:16-cv-2044-CEJ (E.D. Mo. May 4, 2017) (hereafter "*Bennett I*") and *Bennett v. City of Florissant Police Department, et al.*, No. 4:18-cv-1413-JMB (E.D. Mo. Feb. 12, 2019) (hereafter "*Bennett II*"). Both *Bennett I* and *Bennett II* were dismissed as frivolous and/or for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). In *Bennett II*, the Court also determined that *Heck v. Humphrey*[1] barred plaintiff's claims that law enforcement officers Timothy Lowery, Daniel Fletcher, Scott Sachs and Andrew Hale violated her Fourth Amendment rights by

---

[1] 512 U.S. 477 (1994).

2

illegally seizing her, arresting her without probable cause, and maliciously prosecuting and falsely imprisoning her.

This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this District Court that relate to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court may take judicial notice, whether requested or not, of its own records and files and facts that are part of its public records; judicial notice is particularly applicable to the court's own records of prior litigation related to the case before it); *see also Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) (quoting *In re Papatones*, 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court . . .").

## The Complaint

Plaintiff filed the five-count complaint against the City of Florissant Police Department, and against Lowery, Fletcher, Sachs and Hale in their official and individual capacities. All of these defendants were named in *Bennett I* and *Bennett II*, and the claims plaintiff asserts are duplicative of those she asserted in *Bennett I* and *Bennett II*. Briefly, plaintiff's claims are as follows.

Count I of the complaint is titled "Unreasonable Search and Seizure," and is alleged against Lowery, Fletcher and Hale. Plaintiff avers this claim arose on August 27, 2013. Plaintiff alleges her constitutional rights were violated on that date when Fletcher stopped her without reasonable suspicion. She asserts she did not match the description that Mr. Danielson gave to police dispatch. She alleges that Fletcher lacked probable cause to arrest her for trespass, Sachs illegally searched her backpack, and Fletcher and Sachs conspired to commit false arrest. Count

3

II is also titled "Unreasonable Search and Seizure" and is alleged against all five defendants. Plaintiff avers this claim arose on August 27, 2013. Plaintiff alleges the defendants violated her constitutional rights on that date because Fletcher lacked reasonable suspicion to stop her, Fletcher and Sachs unlawfully arrested her, and Hale failed to give her Miranda warnings and questioned her after she requested counsel.

Count III is titled "Municipal Liability and Violation of Due Process," and is alleged against all five defendants. Plaintiff avers this claim arose on August 27, 2013. Plaintiff alleges the defendants violated her constitutional rights on that date when they did not allow her to call her attorney, and subjected her to "horrific treatment" while in custody. Plaintiff alleges that "police officers" "bully, harass and deprive private citizens of their civil liberties," and she states that the City of Florissant has policies and customs that led to the violation of her constitutional rights. She also alleges that the Florissant Police Department had a policy to use negligent hiring practices, inadequately supervise its officers, and hold people in jail without a hearing. Count IV is titled "False Imprisonment" and is alleged against all five defendants. Plaintiff avers this claim arose on August 27, 2013, and she alleges the defendants falsely arrested and imprisoned her. Count V is titled "Malicious Prosecution," and is alleged against Fletcher, Sachs and Hale. Plaintiff avers this claim arose on August 27, 2013. She alleges the defendants falsified a police report and gave false statements to secure a warrant.

Attached to the complaint is a record of an interview of Mr. Danielson, taken by private investigator Tim Woodburn on September 10, 2018. The statement identifies plaintiff as Mr. Woodburn's client. Mr. Danielson stated that on August 27, 2013, he saw an unknown person looking in his neighbor's mailbox. He called police, and told them he believed the person was a

4

female wearing a backpack. He did not recall what the person wore or what body style the person had, but "reiterated that he told the police it was a female." "He also indicated he received threatening letters from jail from the client."

As relief, plaintiff seeks damages and unspecified injunctive relief to prevent future harassment from the defendants. However, plaintiff does not allege she has had any interaction with any defendant since the time of the events described in the complaint. Plaintiff also asks the Court to initiate a criminal investigation into the defendants' actions.

## Discussion

Plaintiff filed this action in forma pauperis, and the claims she asserts against the defendants are duplicative of those she brought against these same defendants in *Bennett I* and *Bennett II*, both of which were dismissed pursuant to 28 U.S.C. § 1915(e). While plaintiff has now provided a report from the September 2018 interview of Mr. Danielson, plaintiff does not allege, nor is it apparent, that the information therein changes her claims such that they cannot be considered duplicative of her prior claims.

While the § 1915(e) dismissals of *Bennett I* and *Bennett II* would "not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," those dismissals have "res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, this Court determines that the § 1915(e)(2)(B) dismissals of *Bennett I* and *Bennett II* have res judicata effect and establish that this third, duplicative complaint is frivolous for § 1915(e)

5

purposes. Additionally, as noted above, the *Bennett II* Court determined that *Heck v. Humphrey* barred plaintiff's claims that Lowery, Fletcher, Sachs and Hale violated her Fourth Amendment rights by illegally seizing her, arresting her without probable cause, maliciously prosecuting her, and falsely imprisoning her. In the case at bar, plaintiff has again failed to demonstrate that her convictions or sentences were reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. Accordingly, the Court determines that the *Bennett II* Court's decision that *Heck v. Humphrey* bars these claims has preclusive effect in this case. *See Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (an issue decided in a non-merits dismissal is given preclusive effect in a subsequent action between the same parties).

Plaintiff's claims are also time-barred. Missouri's five-year statute of limitations for personal injury actions, Mo. Rev. Stat. § 516.120(4) (2000), applies to plaintiff's claims. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (§ 1983 actions should be characterized as personal injury claims for purpose of applying appropriate state statute of limitations); *Farmer v. Cook*, 782 F.2d 780, 780 (8th Cir. 1986) (per curiam) (§ 1983 claims brought in Missouri were subject to 5–year statute of limitations). Section 1983 claims accrue when the plaintiff knows or has reason to know of the injury which is the basis of her action. Claims arising from police actions toward a suspect are presumed to have accrued when those actions allegedly occurred. *Wright v. Doe,* 400 F. App'x 123, 124 (8th Cir. 2010) (per curiam).

Here, plaintiff specifies that each of her claims for relief arose on August 27, 2013, and her allegations are related to her encounters with the police officer defendants on that date. Plaintiff filed the instant complaint on October 4, 2019, more than six years later. Plaintiff does state she was unable to "prove the full extent of the damages against her" until she could

interview Mr. Danielson in September of 2018. However, plaintiff does not explain how Mr. Danielson's statement affects the accrual of any of her claims, nor is any effect apparent. Additionally, plaintiff does not explain why she was unable to interview Mr. Danielson before September of 2018, or why she waited more than one year after that interview to file the instant complaint. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED,** with prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

Dated this 3rd day of December, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE